UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.: 5:21-cv-343

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

FRANK ROMERO,

    Defendant

_____/

## **DEFENDANT'S MOTION TO STAY**

Defendant, Frank Romero ("Mr. Romero" or "Defendant"), by and through the undersigned law firm, hereby files this Motion to Stay, and in support thereof states as follows:

1. On June 29, 2021, the Plaintiff filed this action (DE 1) against Mr. Romero in connection with purported federal violations associated with Mr. Romero's online sale of protective facemasks during the early months of the COVID-19 pandemic.

2. On August 30, 2021, Mr. Romero filed a Motion to Dismiss with prejudice the Complaint based on various dispositive arguments, including arguments founded upon the 2021 decision by The United States Supreme Court in *AMG Capital Management, v. Federal Trade Commission*, 141 S. Ct. 1341 (2021).

3. On August 20, 2021, the Plaintiff filed an opposition to the Motion to Dismiss (DE 11).

4. On October 19, 2021, Mr. Romero filed his Reply in support of the Motion to Dismiss (DE 17).

5. In the Case Management Order at DE 18, the Court set a discovery deadline of August 15, 2022. In the same Order, the Court set the trial term to begin as early as March 6, 2023, if the Court does not dismiss the case with prejudice before a trial.

6. On or about November 30, 2021, Mr. Romero received initial notification from Florida's Office of the Attorney General that he was the subject of an ongoing criminal investigation arising from the sale of the same protective facemask (PPE) equipment that is the focus of this civil lawsuit. Subsequently, Mr. Romero and his counsel have been in contact with the Prosecutor's office regarding the ongoing criminal investigation and the potential criminal charges arising from the same matters that are the subject of this civil case.

7. Upon information and belief, the Prosecutor from the Office of the Attorney General has received information from the Plaintiff and/or its counsel which was obtained through this civil litigation, and which is now being used against Mr. Romero in the ongoing criminal investigation.

8. Furthermore, the Plaintiff has directed substantial discovery towards Mr. Romero and has requested what will amount to thousands of pages of materials from Mr. Romero. The Plaintiff also seeks to take various depositions in the near future, including the deposition of Mr. Romero. This discovery and a potential trial exposes Mr. Romero to constitutional concerns of self-incrimination.

9. The Plaintiff also intends on deposing Mr. Romero's marital spouse which implicates the marital confidential communications privilege and the spousal testimonial privilege. *See U.S. v. Singleton*, 260 F.3d 1295 (11th Cir. 2001)

10. Mr. Romero hereby seeks a stay of this civil proceeding for a limited time and during the pendency of the concurrent criminal proceeding.

11. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, (1997). The party moving for a stay of

discovery has "the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

12. Under certain circumstances, a trial court may grant a stay in a civil proceeding for a limited time during the pendency of a concurrent criminal proceeding. *Sec. & Exch. Comm'n v. Dresser Industr.*, 628 F.2d 1368 (D.C.Cir.1980); *see United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *See Commodity Futures Trading Commission v. Valko*, 2006 WL 8431673 (S.D. FL. 2006). A Court must stay a civil proceeding pending resolution of a related criminal prosecution only when "special circumstances" so require in the "interests of justice." *Id.* at 769–70 & n. 27. The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant. *United States v. Premises Located at Route* 13, 946 F.2d 749, 756 (11th Cir.1991); *See Little Al*, 712 F.2d at 136 ("The very fact of a parallel criminal proceeding, however, d[oes] not alone undercut [a claimant's] privilege against self-incrimination, even though the pendency of the criminal action forced [her] to choose between preserving [her] privilege against self-incrimination and losing the civil suit.").

13. As stated recently in *Wahnon v. Coral & Stones Unlimited Corp*, 314 So.3d 487 (Fla. 3d DCA 2020):

> "[a] blanket assertion of the Fifth Amendment right is insufficient to invoke the privilege against self-incrimination." *Urquiza v. Kendall Healthcare Grp., Ltd.*, 994 So. 2d 476, 477 (Fla. 3d DCA 2008). Accordingly, "the 'central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination.'" *Florida Dep't of Revenue v. Herre,* 634 So. 2d 618, 619 (Fla. 1994) (quoting *Marchetti v. United States*, 390 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968)). Nevertheless, the United States Supreme Court "has always broadly construed its protection to assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action." *Maness v. Meyers*, 419 U.S. 449, 461, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). "In view of the place this privilege occupies in the Constitution and in our adversary system of justice, as well as the

traditional respect for the individual that undergirds the privilege," the standard for deciding whether the Fifth Amendment has been properly invoked in a civil proceeding is not demanding. *Id*. It concerns only whether " 'the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him.' " *Aguila*, 306 So.3d at 1170 (quoting *Rainerman v. Eagle Nat'l Bank of Miami,* 541 So. 2d 740, 741 (Fla. 3d DCA 1989)).

14. In *Wahnon*, the appellate court held that "where the privilege has not been waived, the use of civil contempt to force a party asserting the Fifth Amendment to testify should be reserved for only the most extraordinary circumstances, if at all."

15. In addition to considering the extent to which the defendant's Fifth Amendment rights are implicated, Courts also consider the following five factors to determine whether a civil case should be stayed: (1) the plaintiff's interest in moving forward with the civil litigation, and the potential prejudice to the plaintiff caused by delay; (2) the burden on the defendant caused by the proceedings; (3) judicial efficiency; (4) the interests of nonparties; and (5) the public interest in the pending civil and criminal litigation. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995). [T]he right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution. *Slagowski v. Central Wash. Asphalt,* 291 F.R.D 563 (D. Nev. 2013)(quoting *Hoffman v. United States*, 341 U.S. 479 (1951).

16. Here, the facts and circumstances surrounding this civil action and the Attorney General's investigation are identical. Specifically, each involve Mr. Romero's sale of face coverings and masks at the onset of the COVID-19 pandemic and his disclosures to consumers regarding the same. This undisputable point weighs heavily in favor of staying the civil proceeding.

17. Next, while the Plaintiff presumably wants to avoid a delay in this civil case, the resolution of the criminal matter may invite a resolution of this civil case particularly if the resolution of the criminal matter involves restitution to the consumers which the Plaintiff alleges are victims subject to redress.

18. Without a stay being issued in this instance, Mr. Romero is faced with either his decision to invoke his Fifth Amendment privilege during discovery, which could result in an adverse inference, or waive his Fifth Amendment privilege, which could impair his defense of the potential criminal case. This creates immense burden and constitutional dilemmas upon Mr. Romero if he is forced to simultaneously face the civil case and the related criminal investigation.

19. Next, a stay of this action would benefit judicial efficiency particularly if the criminal investigation leads to a restitution award to the consumers who the Plaintiff serves to advocate for in this matter.  This civil case involves significant and sophisticated legal issues which are the subject of the pending Motion to Dismiss.  A stay provides an avenue whereby those legal issues may not need to be resolved at all if the resolution of the criminal investigation similarly resolves the civil action.

20. Furthermore, the interests of nonparties and the public interest both would warrant a stay if the stay allows the criminal investigation to resolve more swiftly and potentially in a manner that leads to restitution towards the consumers who are subject to both the civil and criminal matters.

21. Lastly, and without focusing on concerns of self-incrimination, "potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." *Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011). Here,

Mr. Romero is a 31 year old individual who is the head of household for his wife and financial caretaker for his mother. The financial implications of this case are considerable for him and the Plaintiff's broad discovery and deposition requests are causing Mr. Romero to incur considerable legal fees and e-discovery costs that jeopardize his ability to provide for his family. Extrapolating this concern is Mr. Romero's criminal exposure arising from the Attorney General investigation.

22. For all of these reasons, a stay of this civil action is warranted.

23. Notably, Mr. Romero does not hereby seek a stay of the settlement conference set for June 13, 2022.

24. Under Local Rule 3.01(g), the undersigned conferred in good faith with the Plaintiff's counsel on February 24, 2022, and the Plaintiff's counsel does not agree to the relief herein.

WHEREFORE, the Defendant, FRANK ROMERO, respectfully seeks a Court order staying the civil case, and for such other relief as the Court deems just and proper.

[Remainder of page intentionally left blank]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant, FRANK ROMERO*
        9150 South Dadeland Boulevard, Suite 1400
        P.O. Box 569015
        Miami, Florida 33256
        Telephone (786) 268-6415
        Facsimile (305) 373-2294
        Primary e-mail: cody.german@csklegal.com
        Secondary e-mail: justin.maya@csklegal.com
        Alternative e-mail: ellize.wizzard@csklegal.com

        *s/ Cody German*
        CODY GERMAN
        Florida Bar No.: 58654
        JUSTIN S. MAYA
        Florida Bar No.: 126087