UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                       Case No: 5:21-cv-343-BJD-PRL

**FRANK ROMERO,**

    **Defendant.**

## ORDER

This matter is before the Court on the Federal Trade Commission's Application for Writ of Continuing Garnishment ("Motion"). (Doc. 66). For the reasons set forth below, the Motion is granted.

### I.   BACKGROUND

On May 15, 2023, the Court entered final judgment in the amount of $989,483.69, plus post-judgment interest at the rate of 4.75%, against Judgment Debtor, Frank Romero. (Doc. 63.) Plaintiff alleges that as of August 17, 2023, there is an outstanding balance on the judgment of $1,001,587.92. Plaintiff represents that it demanded payment of the judgment debt from Judgment Debtor no less than 30 days before the date of this Motion, and the Judgment Debtor has failed to satisfy the debt. Plaintiff believes that PayPal, Inc, "has money, accounts, funds or property of the Judgment Debtor in its possession, custody or control, and said property is a nonexempt interest of the Judgment Debtor subject to garnishment." (Doc. 66 at 2.) Accordingly, Plaintiff moves for the issuance of a continuing writ of garnishment as to Paypal, Inc., in the amount of $989.483.69, plus post-judgment interest at the rate of 4.75%

per annum, since May 15, 2023, with a balance of $1,001,587.92 as of August 17, 2023. (Doc. 66-1.)

## II. APPLICABLE STANDARDS

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* The Federal Debt Collection Procedures Act ("FDCPA") provides the "the exclusive civil procedures for the United States ... to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). Under the FDCPA, the Court "may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The FDCPA contains general requirements for an application for a writ of garnishment, 28 U.S.C. § 3205(b)(1), and specific requirements for the form of the writ, 28 U.S.C. § 3205(c)(2).

## III. DISCUSSION

As Plaintiff has obtained a judgment against the Defendant, Plaintiff has a right to a continuing writ of garnishment. *See* 28 U.S.C. §§ 3001(a)(1), 3205(a). Plaintiff's motion satisfies the requirements of § 3205(b)(1), and Plaintiff attaches a proposed writ as an exhibit to the motion (Doc. 66-1), which complies with the requirements of § 3205(c)(2). As such, the Court must issue the writ. 28 U.S.C. § 3205(c)(1).

Accordingly, it is **ORDERED:**

1. Plaintiff's Application for Writ of Continuing Garnishment (Doc. 66) is **GRANTED**;

- 3 -

2. The Clerk of Court shall issue a continuing writ of garnishment to PayPal, Inc., 2211 North First Street, San Jose, California 95131. The Clerk of Court shall use the proposed Writ of Continuing Garnishment attached to Plaintiff's motion (Doc. 66-1) and shall include the attached Notices (Docs. 66-2 and 66-3) and Answer of the Garnishee Form (Doc. 66-4). The Writ of Continuing Garnishment shall also include copies of Plaintiff's motion (Doc. 66) and the judgment (Doc. 63); and

3. Plaintiff is directed to comply with 28 U.S.C. § 3205(c)(3).

**DONE** and **ORDERED** in Ocala, Florida on August 25, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties