UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

v.   Case No: 5:21-cv-343-BJD-PRL

**FRANK ROMERO, individually and also d/b/a/ Trend Deploy, Trendeploy, trendeploy, trendeploy.com, Frank Romero Advertising, and Uvenux,**

    Defendant.

## ORDER

This matter is before the Court on Plaintiff Federal Trade Commission's ("FTC") motion for alternative service. (Doc. 80). Specifically, the FTC requests the Court issue an order (1) finding service of the Writ of Continuing Garnishment issued to PayPal, Inc., (Doc. 68) ("PayPal Writ"), and the Writ of Continuing Garnishment issued to Electronic Merchant Systems, (Doc. 73) ("EMS Writ"), has been effected on Defendant Frank Romero; (2) directing Mr. Romero to file any objections to the two Writs within 20 days of the issuance of such order; and (3) authorizing service by email and U.S. certified mail of any future process that requires service under Federal Rule of Civil Procedure 4.1(a) on Mr. Romero in this action. Mr. Romero, who apparently is now proceeding *pro se*, has not filed a response and his time for doing so has passed.

    **I.    Background**

On May 15, 2023, the Court issued its Final Judgment and Order for Permanent Injunction, entering a judgment for $989,483.69 for the FTC against Mr. Romero as monetary

relief under Section 19 of the FTC Act for his violations of the FTC's Trade Regulation Rule Concerning the Sale of Mail, Internet, or Telephone Order Merchandise (MITOR). (Doc. 63). Following the issuance of the judgment, the FTC began collection efforts, including by seeking writs of garnishment to PayPal, Inc., and Electronic Merchant Systems, payment processors that hold some of Mr. Romero's assets. (Docs. 66, 71).

On August 28, 2023, the Clerk of Court issued the PayPal Writ in the amount of $1,001,587.92. (Doc. 68). The FTC submitted the Writ and accompanying attachments to the Ocala office of the United States Marshal of the Middle District of Florida ("Marshals Service") for service on Mr. Romero. The Marshals Service attempted service at Mr. Romero's home address on September 11, 12, and 18, 2023, without success. (Doc. 69). Mr. Romero listed this home address in his sworn response to a May 2022 information request and confirmed this information under oath in September 2023. (Doc. 80-1, Declaration of Christopher J. Erickson at ¶¶ 2–3).

The FTC submitted the declarations of its counsel Christopher J. Erickson (Doc. 80-1) and Hanna L. St. Marie (Doc. 80-2) with attached email correspondence showing that Mr. Romero was aware of the Marshals Service's attempts at service. Specifically, Mr. Romero stated in a September 19, 2023, email to Attorney Erickson: "A card with contact information from a local police officer was left in my door. I contacted him and he told me the FTC is attempting to serve me documents related to PayPal[.]" (Doc. 80-1 at 5). In a September 21, 2023, email responding to Mr. Romero's September 19, 2023, email, Attorney Erickson explained that the Marshals Service was attempting to serve him a copy of the PayPal Writ and emailed him a copy of the PayPal Writ. (Doc. 80-1 at 12). In response, Mr. Romero thanked Attorney Erickson. (Doc. 80-1 at 97). During a phone call on September 21, 2023,

Mr. Romero represented to Attorney Erickson that he would be willing to accept service if the Marshals Service made an additional attempt at his home address. (Erickson Declaration at ¶ 8).

On September 27, 2023, and October 3, 2023, Attorney St. Marie sent Mr. Romero emails to attempt to coordinate a time and location for service. (Doc. 80-2 at 7, 19). Romero did not respond to the FTC's requests. (St. Marie Declaration at ¶ 6). However, he did receive FTC counsel's emails, as he sent an email on October 9, 2023, in direct response to FTC counsel's September 27, 2023, and October 3, 2023, emails, addressing an unrelated topic. (Doc. 80-2 at 34-35). On October 11, 2023, Attorney St. Marie sent Mr. Romero an additional email informing him that the FTC would be forced to conclude he was evading service. (Doc. 80-2 at 51). Mr. Romero responded that he "d[id] not intend to evade service" but that he was unable to provide any location where he was likely to be at a specific date and time. (Doc. 80-2 at 66).

On September 25, 2023, the Clerk of Court issued the EMS Writ in the amount of $1,006,094.82. (Doc. 73). On October 25 and 31, and November 6, 2023, the Marshals Service attempted service of both the PayPal Writ and the EMS Writ at Mr. Romero's home address, without success. (Doc. 76). Following these unsuccessful attempts at service, the FTC emailed a copy of the EMS Writ to Mr. Romero on October 18, 2023. (Doc. 80-2 at 84-144).

On November 13, 2023, following the Marshals Service's repeated unsuccessful service attempts, the Court granted the FTC's motion for appointment of Black Diamond Process Service as a special process server pursuant to Rule 4.1(a). (Doc. 75). In response to the FTC's request to meet and confer regarding the motion pursuant to Local Civil Rule 3.01(G), Romero stated he was "not necessarily happy with the FTC's decision to file such

motion since [he] ha[d]n't refused service." (Doc. 80-2 at 146). He further stated, "I would like to ask the FTC to kindly communicate with me via physical mail for matters related to this case whenever possible moving forward. Just to clarify, this does not mean I agree to receive documents via physical mail that should to [sic] be served personally." *Id*.

From November 16 to 27, 2023, Black Diamond Process Service unsuccessfully attempted service on Mr. Romero's home address five times. (Doc. 80-2 at 149). During the first attempt, on November 16, 2023, at 10:39 a.m., the process server "could hear noise and talking within the home"; however, "[t]here was no response to the door[]bell or knocking[.]" *Id*. Then from December 15, 2023 through February 12, 2024, Black Diamond Process Service attempted service on Mr. Romero an additional six times at the principal address of his kayak business, Kayak Rental Silver Springs, LLC, without success. (Doc. 80-2 at 151-52).

On January 24, 2024, FTC counsel mailed Mr. Romero a package containing copies of both the PayPal and EMS Writs via U.S. certified mail at his home address. (St. Marie Declaration at ¶ 13). The United States Postal Service's ("Postal Service") website reflects that this package was delivered and left with an individual at this address on January 27, 2024. (St. Marie Declaration at ¶ 14; Doc. 80-2 at 154).

On January 29, 2024, Attorney St. Marie again provided Mr. Romero copies of the PayPal and EMS Writs as attachments to the email sent to him requesting to confer regarding the instant motion. (St. Marie Declaration at ¶ 15). On January 30, 2024, FTC counsel sent Mr. Romero a copy of its January 29, 2024 email and attachments via U.S. certified mail to his home address. (St. Marie Declaration at ¶ 16). The Postal Service's website reflects that

this package was delivered on February 3, 2024, and left in the mailbox. (St. Marie Declaration at ¶ 17; Doc. 80-2 at 218).

## II.   Discussion

Pursuant to Federal Rule of Civil Procedure 4.1(a), "[p]rocess—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose." Fed. R. Civ. P. 4.1(a). Here, the FTC has offered evidence showing that it has made repeated good faith attempts to serve Mr. Romero with the Writs under Rule 4.1(a). Indeed, the FTC has attempted service on Mr. Romero, through the Marshals Service and Black Diamond Process Service, a total of 17 times—at the home address he provided to the FTC and at the business address he provided to the Florida Department of State. FTC counsel has also attempted to coordinate service with Mr. Romero via email and telephone, but he has refused to provide any time or place where service could be effected.

In addition to the repeated good faith attempts at service, the FTC provided Mr. Romero with actual notice of the Writs by sending them to him at (1) the same email address he regularly used to communicate with the FTC during the same period during which service was being attempted, and (2) his home address by U.S. certified mail. Mr. Romero responded directly to the FTC's emails—including the email containing the PayPal Writ—acknowledging both the PayPal Writ's existence and the FTC's efforts to serve him but continued to demand personal service. Moreover, in complying with its obligations pursuant to Local Rule 3.01(g), the FTC again provided Mr. Romero with copies of the Writs via both email and U.S. certified mail.

For these reasons, the court finds that Mr. Romero has actual notice of the Writs and is evading service. This court will not require the FTC to expend limitless resources to serve Mr. Romero. *Wood v. Netflix, Inc.,* 8:22-cv-2431-CEH-AAS, 2023 WL 4107148, at *1 (M.D. Fla. June 21, 2023). Indeed, "the justice system does not permit a defendant or a judgment debtor to fraudulently evade service and to thereby frustrate the legitimate collection of a debt." *United States v. Evans*, No. 1:12-cv-3379-CC-JSA, 2013 WL 12382874, at *5 (N.D. Ga. June 17, 2013).

Accordingly, the FTC's motion (Doc. 80) is **GRANTED** to the extent that the Court finds that service of the Writs on Mr. Romero was effected by U.S. certified mail and email—to the addresses that were given to the FTC by Mr. Romero and used regularly by him. *See Wood*, 2023 WL 4107148, at *2 (authorizing service of complaint via email when defendant "has actual notice of suit and is intentionally evading service"); *Dolphin Cove Inn, Inc. v. Vessel Olympic Javelin*, No. 3:19-cv-1018-J-34JRK, 2020 WL 4927590, at *4 (M.D. Fla. Aug. 21, 2020) (authorizing service of complaint by email because it was "reasonably calculated . . . to apprise [Mr. Tarlowski] of the pendency of the action and afford [him] an opportunity to present [his] objections.") (alterations in original) (quotation marks omitted). For the same reasons, for any future process in this action that requires service under Rule 4.1(a), the Court authorizes service on Mr. Romero by email and U.S. certified mail.

Finally, because the Court finds that service of the Writs was effected, Mr. Romero shall file any objection to the answers to the Writs by **May 2, 2024**.[1]

---

[1] Pursuant to 28 U.S.C. § 3205(c)(5), "[w]ithin 20 days after receipt of the answer, the judgment debtor . . . may file a written objection to the answer and request a hearing." Paypal filed its answer on September 20, 2023 (Doc. 70) stating it holds $113,000 for Mr. Romero and EMS filed its answer on November 22, 2023 (Doc. 79) stating that it holds $6,585.35 for Mr. Romero. Here, the Court is

The FTC shall promptly serve Mr. Romero with a copy of this Order via email and U.S. certified mail.

**DONE** and **ORDERED** in Ocala, Florida on April 8, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

providing Plaintiff with a 24-day response window to allow time for service of this Order.