UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

v.                                                                          Case No: 5:21-cv-343-BJD-PRL

**FRANK ROMERO,**

    Defendant.

_____

### ORDER

This matter is before the Court on the unopposed motion of Maria M. Yip, as Liquidator ("Liquidator"), for the entry of an order approving the fees and expenses of the Liquidator and her counsel, authorizing the final distribution of funds to the Liquidator, her counsel and to the Federal Trade Commission ("FTC"), and discharging the Liquidator. (Doc. 135).

On June 29, 2021, the FTC filed a Complaint for Civil Penalties, Permanent Injunction and Other Relief against Frank Romero individually, and also doing business as Trend Deploy, Trendeploy, trendeploy, trendeploy.com, Frank Romero Advertising, and Uvenux ("Defendant") (Doc. 1). On August 13, 2024, the Court entered a Preliminary Injunction (the "Injunction") against Defendant. (Doc. 104). On September 25, 2024, the FTC and the Defendant filed their Joint Motion for Entry of Stipulated Order Modifying Asset Freeze and Appointing a Liquidator (the "Liquidator Motion"). (Doc. 111). The Liquidator Motion, among other things, sought authority to modify the asset freeze contained in the Injunction to allow Defendant, ARPA Real Estate LLC ("ARPA") and Defendant's

wife, Patricia Martinez ("Martinez"), to turn over to the Liquidator, the real property associated with the following addresses: (a) 17 Sapphire Road, Ocala, Florida 34472 (the "Sapphire Property"); (b) 78 Hemlock Drive, Ocala, Florida 34472 (the "Hemlock Property"); and (c) 9554 Bahia Road, Ocala, Florida 34472 (collectively, the "Subject Real Property").

On November 1, 2024, the Court entered its Stipulated Order Modifying Asset Freeze and Appointing Liquidator (the "Liquidator Order") which, among other things, appointed Ms. Yip as Liquidator. (Doc. 112). Pursuant to the Liquidator Order, the Liquidator was directed inter alia to: (a) take exclusive control, custody and possession of the Subject Real Property; (b) conserve, hold, manage, and prevent the loss of the Subject Real Property; and (c) as soon as reasonably possible, at reasonable cost and in a commercially reasonable fashion, liquidate the Subject Real Property. (See Liquidator Order at ¶ IV(A), (B) and (G)). The Liquidator Order specifically authorized the Liquidator to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as she deems advisable or necessary to perform the duties and responsibilities set forth in the Liquidator Order.

Consistent with these directives, the Liquidator took control, custody, and possession of the Subject Real Property. The Liquidator then sought and obtained Court approval to hire counsel, Markowitz, Ringel, Trusty & Hartog, P.A. ("MRTH"), and a real estate broker to market and sell the subject Real Property. (Docs. 113, 114, 115). After engaging in extensive marketing efforts and sales negotiations, the Liquidator sought and obtained Court approval to liquidate the Subject Real Property. (Docs. 119, 125, 129, 130).

Pursuant to the Liquidator Order, the Liquidator also prepared and filed tax returns and made tax payments as required by law. (See Liquidator Order at § IV (F)).  The Liquidator has filed a record of all expenditures and proceeds related to the Liquidation of the Subject Real Property, including the proposed distributions (the "Final Accounting"). (Doc. 135, Exhibit A).

Now, because the Liquidator's duties are complete, the Liquidator requests approval to pay, from the proceeds of the liquidation of the Subject Real Property, the fees and expenses of the Liquidator and her counsel. Pursuant to the Liquidator Order:

> The Liquidator is entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the costs of actual out-of-pocket expenses incurred by her. The Liquidator's compensation and expenses are to be paid solely from the proceeds of the liquidation(s) of the Subject Real Property. For avoidance of doubt, funds paid to the Liquidator as part of her compensation and expenses do not count towards Defendant satisfying his judgment in this case.

(Liquidator Order at §IV(I)).

As set forth in the Final Accounting, the Liquidator now seeks to recover $11,198.00 in fees and $949.16 in expenses for the Liquidator; and $19,922.50 in fees and $452.55 in expenses for MRTH. In support of this request, the Liquidator has filed copies of the time sheets for both the Liquidator (Yip Associates) and MRTH. (Doc. 135, Exhibit B).

The Liquidator and her professionals are entitled to reasonable compensation and expenses pursuant to the Liquidator Order. (Liquidator Order at § IV(C), (I)). A court-appointed liquidator, like a receiver, who reasonably and diligently discharges her duties is entitled to be compensated for services rendered and expenses incurred. *See SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992) (noting that "if a receiver reasonably and diligently discharges his duties, he is entitled to compensation") (*citing Donovan v. Robbins*, 588 F.Supp.

1268, 1273 (N.D.Ill.1984)). And like a receiver, a liquidator's lawyers are entitled to be reimbursed for the actual and necessary expenses they incurred while representing the liquidator. *See FTC v. Direct Benefits Grp., LLC*, No. 6:11-cv-1186- Orl-28TBS, 2013 WL 2477223, at *4 (M.D. Fla. June 10, 2013) (analyzing the payment of fees to a receiver's lawyers).

Courts analyzing the reasonableness of compensation of receivers – and as in this case, liquidators – commonly use the "lodestar" approach, calculating a reasonably hourly rate in the relevant market and the reasonable number of hours expended. *See Id.* As for hourly rates, the Liquidator and other members of Yip Associates have agreed to a discounted hourly rate of $325.00 and MRTH has agreed to a discounted hourly rate of $325.00 for attorneys and $125.00 for paralegals. The Court finds these hourly rates to be reasonable and in line with the fees charged by professionals practicing in the Ocala Division. Moreover, the Liquidator asserts that the services performed by the Liquidator and MRTH, as reflected in the time sheets, were reasonably necessary to the Liquidator's performance of her duties as set forth in the Liquidator Order. The Court has reviewed the billing records and finds that the time spent by the Liquidator and MRTH on this matter was reasonable and that the expenses were reasonably incurred.

Accordingly, and in the absence of any objection by Mr. Romero or the FTC, the Court hereby approves the fees and expenses of the Liquidator and MRTH as set forth in the Final Accounting and authorizes the Liquidator to pay these amounts to the Liquidator and MRTH.

Pursuant to the Liquidator Order, "[a]fter the Liquidator liquidates the Subject Real Property and has been compensated for her duties and expenses pursuant to Subsection I, the

- 5 -

Liquidator shall transfer the remaining proceeds of the liquidation(s) of the Subject Real Property to the Commission." Accordingly, the Court authorizes the Liquidator—after paying the above amounts to the Liquidator and MRTH—to transfer the remaining proceeds in her possession to the FTC. Upon the final transfer of funds to the FTC, the Liquidator shall be discharged from her duties as Liquidator. (See Liquidator Order at § IV (K)).

DONE and ORDERED in Ocala, Florida on November 17, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record